**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

REDY BERMUDEZ
      Plaintiff,

  v.

LEONARDO PUMA, individually, and
LEO'S CONTRACTING GROUP CORP.


      Defendants,

---

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, by and through his undersigned attorney, respectfully allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant, Leonardo Puma ("Puma") is the principal and sole managing owner of the Leo's Contracting.

5. Defendant, Leo's Contracting Group Corp., ("Leos") is a New York Corporation, which provides home improvement contracting services in New York city.

6. Leo's Contracting is an upscale Home Improvement Company which has an office at 301 East 57th Street, New York, NY 10021 and a website address of https://leoscontractinggroup.com.

7. Leo's Contracting has gross annual sales in excess of $500,000.

8. As managing owner Defendant Puma was actively involved in all aspects of defendant's business.

9. Defendant Puma had operational control over Plaintiff's daily routine, including time of arrival, rate of pay, scheduling, hiring and firing, handled requests for payment of overtime, and maintenance of employment records.

10. Plaintiff reported directly to Defendant Puma.

11. Puma determined the Plaintiff's wages, his hours, and decided he was not going to pay Plaintiff overtime.

12. Defendants are joint employers under the FLSA and the NYLL.

## FACTS

13. Defendants committed the following acts knowingly, intentionally, and willfully.

14. Defendants knew that the under payment of minimum wage, non-payment of overtime, and failure to pay spread of hours would economically injure Plaintiff and violated federal and state laws.

15. Plaintiff started working for defendants in May of 2018.

16. At all times during his employment, his hourly wage was below the minimum wage in NY.

17. In 2020 and 2021, plaintiff was paid $10.77 an hour.

18. Upon information and belief in 2019, Plaintiff was paid $8.38 an hour based on a 50 hour week.

19. His "regular" hours where from 7 am to 5 pm.

20. Plaintiff worked more than 50 hours each week, but was paid for 40 hours no matter how many hours he worked each week.  See Exhibit 1

21. Defendants did not have the Plaintiff clock in or out.

22. Plaintiff was not paid for working overtime.

23. When Plaintiff ask for his overtime wages, Defendant Puma refused to pay him saying that he got too many tickets or said he did not have to pay Plaintiff for "commuting" time when he was driving the company van.

24. Plaintiff's workday was longer than 10 hours in a day, but he was not paid spread of hours.

25. Plaintiff started his day at Defendants' home in the Bronx by picking up Defendants' van.

26. He would drive into Manhattan, Brooklyn, Bronx, Queens and other locations.

27. Plaintiff's job was to drive the van to various suppliers like Home Depot, paint suppliers, plumbing suppliers, electric suppliers and others to pick up various items that are used for Defendants' contracting job and bring them to the job site.

28. At around 4 pm, plaintiff would head back to the Bronx in the Defendants' van.

29. Plaintiff sometimes arrived back in the Bronx with the company van as early as 4:30, but sometimes did not arrive back until 5:30 or 6:00 pm depending on traffic.

30. Defendants routinely contacted plaintiff after work hours, on the weekend, late at night, and early in the morning about work assessments.  See exhibit 2, sampling of text message from defendant to the plaintiff.

31. Defendant Puma would text plaintiff early in the morning directing him to pick certain items up before his shift began.  See exhibit 2.

32. Defendants did not give Plaintiff proper notice of all the hours he worked, pay overtime hours, and pay the spread of hours premium, which is a violation of New York Labor Law ("NYLL").

33. Plaintiff was not paid in full for all of the hours that he worked.

## CAUSES OF ACTION

### COUNT 1
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)

34. Plaintiff, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

35. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the minimum wage for each hour worked.

36. Plaintiff was paid $10.77 per hour in 2020 and 2021 when the minimum wage in NY was $15.

37. Upon information and belief, in 2019, plaintiff was paid approximately $8.38 per hour, which is less than the minimum wage.

38. Upon information and belief, in 2018 plaintiff was paid less than the minimum wage.

39. Plaintiff recalls being paid $380 a week in 2018 which works out to be $9.50 an hour. This is less than minimum wage.

40. Plaintiff's payroll reflects less time than Plaintiff actually worked. See exhibit 1.

41. Plaintiff's payroll shows he was paid for 80 for a 15 day period. See exhibit 1

42. At all relevant times, Defendants operated under a decision, policy, plan, common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff the full minimum wage for each hour worked.

43. Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), therefore a three-year statute of limitations applies as defendant knowingly paid the plaintiff less than minimum wage.

44. As a result of Defendants' willful and intentional unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, unpaid wages, liquidated (double) damages,

attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under Federal law, and such other legal relief as this Court deems just and proper

## COUNT 2

### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)

45. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46. Throughout the statute of limitations period covered by these claims, Plaintiff worked in excess of forty (40) hours per workweek.

47. Plaintiff worked from 7 am to 5 pm each day.

48. Plaintiff often had to start before 7 am.  See exhibit, 2, emails between the Defendant Puma and Plaintiff prior to 7 am.

49. Plaintiff often had to work after 5 pm.  See exhibit 2, emails between the Defendant Puma and Plaintiff after 5 pm.

50. At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one-half times their hourly wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff was entitled to overtime.

51. Plaintiff generally worked a minimum of 10 hours per day.

52. Plaintiff generally worked a minimum of 10 hours of overtime per week.

53. Plaintiff estimates that in additional to working his regular overtime shift of 10 hours, he also worked another 2 hours of overtime each week.

54. Plaintiff was told that he is not getting overtime pay because he received to many parking tickets while driving Defendants' vehicle.

55. At other times, Defendant Puma told plaintiff that he is not entitled to overtime when he is driving the van in the morning or at night because if he took the subway, he would not be paid.

56. Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), therefore a three-year statute of limitations applies as defendant told plaintiff he refused to pay overtime because plaintiff got too many tickets driving the company van or because the first hour in the morning and last hour of the day were equivalent to commuting.

57. Plaintiff seek damages in the amount of his unpaid overtime wage compensation, liquidated (double) damages, attorneys' fees and costs, prejudgment interest, post judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 3
### (New York Minimum Wage Violations, NYLL §§ 652 *et seq.*)

58. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

59. In 2020, Plaintiff was paid a salary of $862.39 every fifteen (15) days for working 80 hours.

60. This works out to an hourly wage of $10.77 in 2020 and 2021.

61. Upon information and belief, in 2019, Plaintiff was paid $671 for 80 hours a week, which works out to be $8.38 an hour.

62. Defendants paid plaintiff less than the minimum wage in 2019.

63. Upon information and belief, plaintiff was paid less than minimum wage in 2018.

64. In 2018, Plaintiff believes he was paid $380 weekly, which is equivalent to $9.50 an hour.

65. As a result of Defendants' unlawful conduct, Plaintiff was paid wages less than minimum wage in violation of § 652 of the NYLL.

66. Defendants violated the minimum wage law by refusing to pay Plaintiff an overtime wage and minimum wage.

67. Defendants willfully and intentionally violated § 652 of the NYLL, and accordingly, a six-year statute of limitations is applicable as defendant knowingly issued wage statements showing wages that were less than the minimum wage, by refusing to pay Plaintiff for driving the van back and forth from the Bronx.

68. As a result of Defendants' willful and intentional unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, liquidated (double) damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal relief as this Court deems just and proper.

**COUNT 4**
**(New York Overtime Violations, NYLL §§ 650 *et seq.*) (N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4) Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.**

69. At all relevant times, Defendants knowingly failed to pay Plaintiff the full New York overtime rate per hour of one and a half times their hourly wage for work in excess of forty (40) hours per workweek.

70. Plaintiff's "regular" schedule was from 7 am to 5 pm. He regularly worked 10 overtime hours per week.

71. In addition to working his "regular" overtime schedule of 10 hours a week, he also worked addition overtime hours, either before 7 am or after 5 pm.

72. On average, plaintiff worked 2 additional overtime hours per week. See exhibit 2, showing text message before 7 am or after 5 pm.

73. In total, Plaintiff worked 12 overtime hours each week. (10 "regular" overtime hours and 2 additional overtime hours.)

74. Defendants refused to pay overtime.

75. Defendants knowingly refused to pay the plaintiff overtime claiming that Plaintiff got to many tickets driving the company van or he did not have to plaintiff for his "commuting time."

76. As a result of Defendants willful and intentional unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, liquidated (double) damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other relief as this Court deems just and proper.

## COUNT 5
**(Spread of Hours Violations, NYLL §§ 190 *et seq.* and 650 *et seq.*) (12 NYCRR § 142-2.4)**

77. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

78. Pursuant to 12 NYCRR § 142-2.4 Defendants are required to pay one additional hour at the minimum wage when Plaintiff's work day exceeded 10 hours.

79. Defendants failed to pay Plaintiff one additional hour's pay at the minimum wage rate for each day where the interval between the beginning and end of an employee's workday exceeded 10 hours.

80. Plaintiff's "regular" schedule had him working 10 hours each day.

81. Defendants failure to pay "spread of hours" was willful.

82. Plaintiff worked from 7 am to 5 pm, but often was required to start earlier and to stay later to pick up various items for Defendants' contracting jobs.

83. On many days Defendants demanded that Plaintiff arrive early before 7 am to pick up various supplies at Home Depot or other locations. See Exhibit 2.

84. On many days Plaintiff did not finish work until 5:30 or 6:00 pm.

85. As a result of Defendants' willful and intentional unlawful conduct, Plaintiff is entitled to damages of an extra hour of pay at the minimum wage, liquidated damages, attorneys' fees,

costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal relief as this Court deems just and proper.

## COUNT 6
### (New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)

86. Plaintiff reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

87. Defendants failed to provide Plaintiff with wage notices pursuant to NYLL § 195(1).

88. Plaintiff worked for Defendants for three years without receiving a Wage Notice.

89. Plaintiff is entitled to damages pursuant to NYLL § 198 of up to $5,000 based on the length of Defendants' violation.

90. Defendants continuously violated this law for the entire length of Plaintiff's employment.

91. Defendants' violation is willful as it is common knowledge that employees should receive wage notices.

92. As a result of Defendant's unlawful conduct, Defendants are liable to Plaintiff in the amount of $5,000, pursuant to NYLL § 198, along with attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal relief as this Court deems just and proper.

## COUNT 7
### (New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)

93. Plaintiff reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

94. Defendants failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3).

95. Defendants issued wage statements every 15 days which contain numerous inaccuracies including incorrect wages, incorrect hours worked, no overtime premiums, and failed to include spread of hours, contrary to the requirements of NYLL § 195(3).

96. Plaintiff is a manual laborer and was required to be paid weekly pursuant to NYLL § 191.

97. Plaintiff's paychecks failed to list the hourly wage, overtime rate, spread of hours and correct hours worked. See exhibit 1, copies of plaintiff's paychecks

98. Defendants' wage records were inaccurate because they failed to record the number of hours worked each week, overtime hours worked each week and spread of hours worked each week.

99. Defendants' violation is willful because Defendants knowingly paid the Plaintiff with a paycheck with a stated hourly wage below the minimum wage and many other reasons.

100. As a result of Defendants' unlawful conduct, Defendants are liable to Plaintiff in the amount of $5,000, pursuant to NYLL § 198, along with costs and attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal relief as this Court deems just and proper.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests for relief as follows:

A. An award of damages under the FLSA and NYLL for unpaid wages, unpaid minimum wage, unpaid overtime, back pay, spread of hours, to be paid by Defendants;

B. One extra hour of pay based on the Spread of hours;

C. Liquidated damages pursuant to statute;

D. Damages for failing to comply with NYLL §195(1) et. seq;

E. Damages for failing to comply with NYLL § 195(3) et.seq;

F. Penalties available under applicable laws;

G. A civil penalty under § 198(1-b) et.al in an amount to be determined at trial;

H. A civil penalty under § 198(1-d) et.al. in an amount to be determined at trial;

I. Pre-judgment and post-judgment interest;

J. Attorneys' fees and costs, including fees pursuant to 29 U.S.C. § 216, NYLL § 663, and other applicable laws; and

K. Such other further legal relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

A jury trial is requested on all claims alleged herein.

Dated: New York, NY      THE LAW OFFICES OF JEFFREY E. GOLDMAN
June 9, 2021

                       By:_____/s/_____
                       Jeffrey E. Goldman, Esq.
                       260 Madison Ave., 15th Fl.
                       New York, NY  10016
                       T: (212) 983-8999
                       F: (646) 693-2289
                       *Attorneys for Plaintiff*